THE STATE OF NEW JERSEY, EX REL. FRANCES HART, RELATOR, v. HAROLD P. SCHOONMAKER, DEFENDANT.

Argued October 1, 1935—Decided February 19, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the relator, *Meyer Lobsenz.*

For the defendant, *John D. Masterton* (*Archibald Kreiger,* of counsel).

BROGAN, CHIEF JUSTICE. The legal question before us arises from an information in the nature of a *quo warranto* to which the respondent filed a demurrer. The proceeding is under the statute (section 4 of the *Quo Warranto* act, 3 *Comp. Stat., p.* 4212), the relator contending that she is lawfully entitled to the office of borough recorder and that the respondent usurps and unlawfully holds the same.

The information contains the following verified assertions: That the borough of Hawthorne is governed by the Walsh act (*Pamph. L.* 1911, *ch.* 221, &c.; *Cum. Supp. Comp. Stat., p.* 2457, §§ **136-1 *et seq.*); that at an election held on May 14th, 1935, three commissioners were elected for a term of four years; that the commissioners held their meeting for the organization of the new commission on May 21st, 1935, and that at said meeting a number of offices, nine in fact, were filled, among them the office of borough recorder, to

which relator was named for a term of four years. It is further stated that a separate vote was taken on each of the appointments so made and that the meeting adjourned until the following evening at which adjourned meeting the several departments of government were allocated to the three elected commissioners; that in the interim the relator took the oath of office and duly filed a bond; that subsequent thereto the commissioner to whom had been assigned the department of public safety filed with the borough clerk an appointment of the respondent to the office of borough recorder for a term of five years, beginning January 1st, 1935. Immediately thereafter the respondent took possession of the office of recorder as well as the books, papers, &c., pertaining to said office and prevented the relator from entering therein. As stated, the respondent demurs and sets up that the relator possesses no title to the said office because (a) at the time of her appointment the term of office of borough recorder was fixed by statute and "the term of office designated in the resolution is contrary to the provisions of said statute;" (b) because the resolution in question, "which purported to appoint relator, contained diverse objects and is alleged to have been adopted by a separate vote taken on each of the objects contained therein, which action is contrary to law." This second point is not argued and, consequently, has not been considered.

The record before us is very meager and, in substance, contains only what has been stated above. Whether the respondent was a stranger to this office prior to the resolution appointing the relator we have no way of knowing. We infer, however, that the term of the previous occupant had expired, since the governing body, as such, undertook to fill the office and the director of public safety, deeming the resolution appointing the relator to office ineffectual, later thereupon appointed the respondent to office. Nor can we be certain from the record whether the director of public safety, at the organization meeting voted for the appointment of the relator.

In support of his position, the respondent argues that the charter provisions of the municipality are not altered by the adoption of the Walsh act. This may be conceded but what

charter provisions exist that are applicable do not appear nor indeed whether there is a charter. It is also asserted that the charter provisions fix the term of office of borough recorder. We have no way of telling what those provisions are.

Reliance is placed upon the provisions of certain statutes to support the proposition that the relator's appointment was irregular. These acts are: The Borough act (*Pamph. L.* 1897, *ch.* 161; 1 *Comp. Stat., pp.* 226 *et seq.*), as amended by chapter 141, *Pamph. L.* 1922; (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 168, § 24-3), which provides for a term of one year for borough recorder; another statute cited, chapter 346, *Pamph. L.* 1913 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2710, § 160-161), clearly has no application, and a third, which is chapter 260, *Pamph. L.* 1927 (*Cum. Supp. Comp. Stat., p.* 1383, § 160-207b(1), providing for a five-year term likewise is not helpful to the respondent. We construe the last act as one that is permissive in essence and as applicable to boroughs which retain the governmental structure applicable to boroughs before the advent of the Walsh act, *supra.* Boroughs which have not adopted the commission form of government organize on the first day of the year but in municipalities which have adopted the Walsh act the term of all officers, whether elected or appointed, save policemen and firemen, &c., cease and determine upon an election and organization of the city commissioners immediately after the adoption of the commission form of government (Cf. section 2 of Walsh act, *supra*). At subsequent elections, however, those holding office for a term legally fixed would not be subject to ouster at the organization of a newly elected commission. Here, we infer, as indeed we must from this attenuated record, that at the time relator was named to the office, there was no incumbent. Nor does the fact that the relator was appointed for a four-year instead of a five-year term vitiate her appointment. The act of 1927, *supra,* being permissive in character, her appointment for four years is valid and at the time the director of public safety appointed the respondent to office there was no vacancy.

The judgment of ouster is awarded the relator, with costs.